SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART 7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Attorney for Plaintiff
TOKYO JUICE KABUSHIKI KAISHA (dba Tokyo Juice Co.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOKYO JUICE KABUSHIKI KAISHA (dba Tokyo Juice Co.), a Japan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TAMBOR, INC., a Hawaii corporation; DANIEL WRIGHT, an individual; DOE DEFENDANTS 1 - 20,<br><br>Defendants. | Case No. 1:25-cv-00523<br><br>COMPLAINT; SUMMONS |

**COMPLAINT**

Comes now Plaintiff TOKYO JUICE KABUSHIKI KAISHA (dba Tokyo Juice Co.) ("Plaintiff") hereby asserts the following causes of action against Defendants TAMBOR, INC., a Hawaii corporation; DANIEL WRIGHT, an individual; DOE DEFENDANTS 1 -20 (collectively, "Defendants"), as follows:

THE PARTIES

1. Plaintiff TOKYO JUICE KABUSHIKI KAISHA (dba Tokyo Juice Co.) is a Japanese corporation with its principal place of business in Tokyo, Japan.

2. Defendant Tambor, Inc. ("Tambor") is a Hawaii corporation with its principal place of business in Princeville, Hawaii.

3. Defendant Daniel Wright ("Wright") is the Chief Executive Officer and owner of Tambor, Inc. and resides in the State of Hawaii and is the alter ego of Tambor.

4. The above-referenced DOE DEFENDANTS are sued herein under fictitious names because their true names and identities are presently unknown; however, they may be connected with Defendants, and may be responsible for Plaintiff's damages/injuries. Plaintiff will identify the true names of these DOE DEFENDANTS when the same are ascertained.

JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different countries and the amount in controversy exceeds $75,000.

6. This Court has subject matter jurisdiction pursuant to 28 U S C §1331 because this action arises under the Carriage of Goods by Sea Act 46 U S C §30701 et seq. This Court also has admiralty and maritime jurisdiction under 28 U S C §1333

because the claims arise from damage to cargo occurring during an international ocean carriage of goods.

7. Venue is proper in this District pursuant to 28 U S C §1391 b and c because a substantial part of the events or omissions giving rise to the claim occurred within this District including the loading of the cargo at a United States port and because the defendant is subject to personal jurisdiction in this District. Venue is also proper under Rule 4 of the Supplemental Rules for Admiralty or Maritime Claims.

8. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants reside and/or conduct business in this District.

FACTUAL ALLEGATIONS

9. On January 3, 2025, Plaintiff and Tambor entered into an exclusive supply agreement for Tambor açaí products to be sold in Japan. The agreement incorporated Tambor's product specifications and warranties regarding product quality.

10. Pursuant to Purchase Order TAMTJ0325 and Invoice INV-6284, Tambor shipped from a port in Los Angeles/ Long Beach, California, approximately $58,532.57 of açaí products to Plaintiff in Japan. Plaintiff paid $35,119 toward the shipment.

11. The invoice expressly stated CIF (Cost, Insurance and Freight), which required Tambor to tender conforming goods and procure insurance while arranging carriage to Japan.

12. When the goods arrived in Japan on August 13, 2025, a substantial portion of the shipment was found to be spoiled, thawed, and nonconforming, exhibiting melt, seepage, soft texture, and off-odor.

13. Plaintiff immediately documented and reported the nonconformity.

14. Investigation revealed significant cold-chain failures prior to loading onto the vessel, including an incorrect reefer set-point of +18°C and the absence of proper temperature verification at stuffing; these errors occurred before risk of loss could transfer under CIF terms.

15. The nonconformity occurred before or at shipment, and Defendants failed to tender conforming product as required under the contract and applicable law.

16. Plaintiff has incurred at least $35,000 in consequential damages, including lost orders, disposal costs, freight, customs fees, surveys, warehousing, and administrative losses, in addition to what Plaintiff paid Defendants prior to shipping.

17. Defendants failed to reimburse Plaintiff, failed to replace the goods, and failed to provide insurance claim information, certificates, or proper tender to insurers despite multiple demands.

18. Tambor was inadequately capitalized and functioned as the instrumentality of Defendant Daniel Wright.

19. Wright personally directed the shipment, represented that the goods would be properly handled, and issued quality guarantees despite lacking the ability or infrastructure to meet contractual obligations.

20. Plaintiff is informed and believes that Wright dominated and controlled Tambor, intermingled assets, disregarded corporate formalities, and used the corporation to perpetrate wrongful acts.

21. Recognizing Tambor as a separate corporate entity would sanction fraud and injustice.

## CLAIMS FOR RELIEF

### COUNT I — BREACH OF CONTRACT

22. Plaintiff incorporates all prior allegations.

23. Defendants breached the exclusivity agreement and purchase contract by tendering spoiled and nonconforming goods, violating express and implied warranties, and failing to maintain the cold chain.

24. Plaintiff was damaged in an amount to be proven at trial, including direct, incidental, and consequential damages.

**COUNT II — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

25. Plaintiff incorporates all prior allegations.

26. The goods were not fit for ordinary use, not merchantable, and did not conform to the parties' expectations under the Uniform Commercial Code.

27. Defendants are liable for all resulting damages.

**COUNT III — FRAUDULENT MISREPRESENTATION**

28. Plaintiff incorporates all prior allegations.

29. Defendants made material misrepresentations, including that the products would meet specifications, would be properly frozen, and would be shipped and handled under an intact cold chain.

30. Defendants knew these representations were false or made them recklessly without regard for their truth.

31. Plaintiff reasonably relied on these misrepresentations and suffered damages.

**COUNT IV — ALTER EGO / VEIL PIERCING**

32. Plaintiff incorporates all prior allegations.

33. Tambor, Inc. is the alter ego of Wright because he exercised complete domination over the corporation, used it as his personal instrumentality, and engaged in conduct that perpetrated fraud and injustice.

34. Wright should be held personally liable for all damages arising from Tambor's misconduct.

**COUNT V — UNJUST ENRICHMENT (Against All Defendants)**

35. Plaintiff incorporates all prior allegations.

36. Defendants accepted payment and retained benefits from Plaintiff while providing spoiled and unusable goods.

37. Equity requires restitution of monies paid and compensation for resulting losses.

PRAYER FOR RELIEF

Plaintiff requests judgment against Defendants, jointly and severally, as follows:

a. General, direct, incidental, and consequential damages in an amount to be proven at trial.

b. Rescission or refund of all amounts paid by Plaintiff.

c. Punitive damages where permitted by law.

d. Prejudgment and post-judgment interest.

e. Attorneys' fees and costs.

f. Any further relief the Court deems just and proper.

DATED: Honolulu, Hawaii, December 11, 2025

*/s/ Andrew Daisuke Stewart*

ANDREW DAISUKE STEWART
Attorney for Plaintiff
TOKYO JUICE KABUSHIKI KAISHA (dba Tokyo Juice Co.)